**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**MISSOULA DIVISION**

_____

UNITED STATES OF AMERICA,

                                    CR 11-39-M-JCL

               Plaintiff,

      vs.

                                      ORDER

RONALD LEE BASQUE, and
JEANIE ARLENE KEISTER,

               Defendant.

_____

      Before the Court is Defendants Ronald Basque and Jeanie Keister's Motion

to Dismiss for Lack of Probable Cause.  For the reasons discussed, Defendants'

motion is DENIED.

**I.**      **BACKGROUND**

      The complaint filed against Defendants charges them with five criminal

violations as follows:

     1.      18 U.S.C. § 1853 - cutting and injuring trees on public lands;

     2.      18 U.S.C. § 1361 - damage to government property;

     3.      36 C.F.R. § 261.54(a) - unauthorized vehicular access to a road
            closed to the public;

     4.      36 C.F.R. § 261.58(a) - unauthorized occupancy and use - camping in
            excess of 14 days; and

5.    18 U.S.C. § 2(a) - aiding and abetting.

The charges arise from Defendants' activities on National Forest System land in Mineral County, Montana. Defendants assert they were engaged in mining activities under a valid unpatented mining claim and, therefore, their conduct was lawful. Consequently, they argue probable cause does not exist to support the charges.

## II.    DISCUSSION

### A.    Mining Laws and Forest Service Regulations

The Mining Act of 1872 grants mining claimants "the exclusive right of possession and enjoyment of all the surface" at the location of a mining claim. 30 U.S.C. § 26. Those rights, however, are limited by the Surface Resources and Multiple Use Act of 1955 ("Surface Resources Act"). *United States v. Doremus*, 888 F.2d 630, 632 (9th Cir. 1989), cert. denied 498 U.S. 1046.

The Surface Resources Act imposes restrictions on mining claimants and applies to all unpatented mining claims. *Doremus*, 888 F.2d at 632. It prohibits a person from using a mining claim and occupying the land for any purpose other than mining operations and "uses reasonably incident thereto." 30 U.S.C. § 612(a). *United States v. Moore*, 2010 WL 373863, *4 (D. Or. 2010). The Surface

Resources Act at 30 U.S.C. § 612(b) reserves to the United States "the right to manage and dispose of surface resources on unpatented mining claims[.]" *Doremus*, 888 F.2d at 632. *See also United States v. Campbell*, 42 F.3d 1199, 1203 (9th Cir. 1994), and *United States v. Pepper*, 697 F. Supp. 2d 1171, 1175 (E.D. Cal. 2009) (recognizing Forest Service's authority to regulate surface resources in connection with mining activities). Thus, it is well established that Forest Service regulations — specifically those under 36 C.F.R. Part 261 — are applicable to mining operation activities and are enforceable against mining claimants. *United States v. Ganoe*, 2010 WL 4778312, *4 (E.D. Cal. 2010) (citing *Doremus*, 888 F.2d at 632); *Pepper*, 697 F. Supp. 2d at 1177. Surface resource regulations are enforceable as long as they do not "endanger or materially interfere with prospecting, mining or processing operations or uses reasonably incident thereto[.]" 30 U.S.C. § 612(b).

A person proposing to conduct mining operations must comply with certain basic preliminary requirements. If the proposed mining operations "*might* cause significant disturbance of surface resources[,]" then a person must submit a "notice of intent to operate [...] to the District Ranger having jurisdiction over the area in which the operations will be conducted." 36 C.F.R. § 228.4(a) (emphasis added). *Ganoe*, 2010 WL 4778312 at *5. In turn, if the District Ranger finds that

3

a proposed operation "*is causing or will likely cause* significant disturbance of the surface resources," then the individual is required to submit a proposed plan of operation, and the mining operations "cannot be conducted until a plan of operations is approved." 36 C.F.R. § 228.4(a)(4) (emphasis added). *United States v. Russell*, 2009 WL 33325, *3 (E.D. Cal. 2009) (discussing the two-step process). The mining claimant must obtain prior approval of his or her mining operations as proposed in the notice of intent or a plan of operation before beginning work. *Doremus*, 888 F.2d at 633; and *United States v. Moore*, 2010 WL 373863, *5 (D. Or. 2010).

In assessing whether mining activities *might* cause surface disturbance sufficient to require a notice of intent, all mining operations must be taken into consideration. The scope of the mining operations to be considered is broad and includes residential occupancy of National Forest System lands. *Russell*, 2009 WL 33325 at *3. *See* 36 C.F.R. § 228.3 (broadly defining mining "operations"). Thus, the only issue as to whether a notice of intent is required is simply whether the mining operations, taken as a whole, *might* cause significant disturbance of surface resources, regardless of whether the mining claimant intends to use mechanized earth moving equipment. *Russell*, 2009 WL 33325 at *4; and *Moore*, 2010 WL 373863 at *4-5.

Here, the record reflects that some disturbance to surface resources has occurred on Defendants' mining claim located in the Lolo National Forest. In June, 2011, Forest Service officers observed that trees had been cut and decked at the location of Defendants' mining claim, and they observed a logging road that Defendants stated they opened up and cleared by removing debris so they could use the road to access their mining claim. There is no evidence the Defendants submitted a "notice of intent to operate" with the appropriate District Ranger.[1]

Based on the foregoing, the Court finds that probable cause exists to believe that the Defendants violated 36 C.F.R. § 228.4(a) by not submitting a proper "notice of intent to operate" prior to disturbing surface resources.

### B.     Cutting and Injuring Trees -18 U.S.C. § 1853

The Surface Resources Act prohibits a claimant of an unpatented mining claim from cutting timber except as specifically authorized under 30 U.S.C. § 612(c). *Doremus*, 888 F.2d at 632. Although a claimant has a right to dispose of surface vegetative resources — to cut timber — under 30 U.S.C. § 612(c), a

---

[1]Defendants assert they properly "posted" the requisite notice of intent in 2011. Dkt. # 24-12. That notice of intent states that Defendants intend to "produce lumber, cut from trees taken off of said claims[.]" *Id*. But, although Defendants state they "posted" their 2011 notice of intent at various locations around the community and on National Forest System lands, significantly Defendants do not state that they submitted the 2011 notice of intent to the District Ranger as required under 36 C.F.R. § 228.4(a).

claimant "may not exercise that without first obtaining approval" of his or her mining operation plans under 36 C.F.R. § 228.4. *Doremus*, 888 F.2d at 633. "30 U.S.C. § 612 does not authorize mining operators to act without Forest Service approval." *Doremus*, 888 F.2d at 635. Consequently, if a mining claimant fails to obtain prior approval to cut timber in connection with mining activities, then the claimant is subject to criminal charges for violating federal laws or Forest Service regulations prohibiting a person from cutting or damaging trees. *Doremus*, 888 F.2d at 635-36. *See also United States v. Campbell*, 42 F.3d 1199, 1201-03 (9th Cir. 1994) (upholding mining claimant's convictions for theft of, and damage to government property where the claimant failed to obtain prior approval to harvest timber).

Forest Service Special Agent Jackie Fisher testified the Defendants admitted to Forest Service Law Enforcement Officers they had cut down trees on their claim. There is no evidence the Defendants obtained approval prior to cutting trees on their mining claim. A notice of intent filed in 2010 did not permit Defendants to cut any trees. Dkt. # 24-2. Also, although their purported 2011 notice of intent states that Defendants intend to "produce lumber, cut from trees taken off of said claims" (Dkt. # 24-12), the record does not establish that Defendants submitted that notice of intent to the District Ranger as required under

36 C.F.R. § 228.4(a).  Thus, probable cause exists to believe the Defendants

violated 18 U.S.C. § 1853 by cutting or injuring trees.

### C. Damage to Government Property - 18 U.S.C. § 1361

The United States moves to dismiss the charges under 18 U.S.C. § 1361

without prejudice.  Defendants do not oppose the motion.  Therefore, these

charges will be dismissed.

### D. Unauthorized Vehicular Access to a Road Closed to the Public - 36 C.F.R. § 261.54(a)

A mining claimant must obtain prior approval for "proposed roads or access

routes to be used in connection" with the mining operations.  36 C.F.R. §

228.4(c)(2) and (3).  *See United States v. Ganoe*, 2010 WL 4778312, *11 (E.D.

Cal. 2010).   "[N]o road [...] shall be constructed or <u>improved</u> [...] until the

[mining] operator has received approval of an operating plan in writing from the

authorized officer when required by § 228.4(a)."  36 C.F.R. § 228.12 (emphasis

added).  Thus, where a mining claimant makes repairs or improvements to an

unmaintained Forest Service road without first obtaining prior approval for the

use, repair and maintenance of that road, the claimant is subject to criminal

charges for violation of Forest Service regulations governing the use of roads.

*Ganoe*, 2010 WL 4778312 at *11-12.  The Forest Service retains the authority to

regulate a mining claimant's use of an otherwise unmaintained road.  *Id*.

The record establishes that probable cause exists to believe the Defendants violated 36 C.F.R. § 261.54(a) by accessing their mining claim via a closed Forest Service road without having obtained the requisite approval.

**E.     Unauthorized Occupancy and Use - Camping in Excess of 14 Days - 36 C.F.R. § 261.58(a)**

Residential occupancy or camping at a mining claim is "reasonably incidental" to the mining operations under 30 U.S.C. § 612(a).  *See United States v. Shumway*, 199 F.3d 1093, 1106 (9th Cir. 1999).  Nonetheless, if those occupancy or camping activities might cause significant disturbance to surface resources, then a notice of intent is required under 36 C.F.R. § 228.4(a), and regulatory compliance and prior approval of those activities is required.  *United States v. Russell*, 2009 WL 33325, *3-4 (E.D. Cal. 2009).

Again, Defendants were required to submit a notice of intent, they failed to do so, and they did not obtain the required prior approval to camp in connection with their mining activities.  Consequently, the Forest Service regulations, including the camping restrictions in 36 C.F.R. § 261.58(a), are enforceable with respect to Defendants' unpatented mining claim activity.  The Court finds probable cause exists to believe the Defendants violated § 261.58(a) by camping

for a period of time in excess of 14 days.

**F.     Aiding and Abetting - 18 U.S.C. § 2(a)**

The United States asserts, and Defendants agree, that no finding of probable

cause is necessary to proceed with a charge of aiding and abetting the commission

of an offense under 18 U.S.C. § 2(a).  Therefore, the Court expresses no

conclusion as to the existence of probable cause for this charge.

## III.     CONCLUSION

Based on the record in this case, and having considered the evidence and

testimony presented at the preliminary hearing conducted in this matter, the Court

finds probable cause exists to believe that Defendants committed the offenses as

alleged in the criminal complaint filed against them.  Therefore, IT IS HEREBY

ORDERED that Defendants' motion to dismiss is DENIED.

IT IS FURTHER ORDERED that the United States' motion to dismiss the

charges under 18 U.S.C. § 1361 is GRANTED, and those charges are

DISMISSED without prejudice.

DATED this 20th day of September, 2011.


 /s/ Jeremiah C. Lynch_____
Jeremiah C. Lynch
United States Magistrate Judge

9